**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4383**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

DALE LAMONT MCCUTCHEON,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-00747-RBH-1)

Submitted:  June 10, 2010              Decided:  July 6, 2010

Before NIEMEYER and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

James A. Brown, LAW OFFICES OF JIM BROWN, P.A., Beaufort, South
Carolina, for Appellant. Arthur Bradley Parham, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dale McCutcheon pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced McCutcheon to the statutory mandatory minimum term of 180 months of imprisonment. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. McCutcheon was advised of his right to file a pro se supplemental brief, but did not do so. Finding no error, we affirm.

Counsel questions whether McCutcheon was eligible for the safety valve provision of 18 U.S.C. § 3553(f) (2006) and U.S. Sentencing Guidelines Manual ("USSG") § 5C1.2 (2009). As McCutcheon did not object to the guidelines calculation in the district court, we review this issue for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993).

To qualify for the safety valve provision, a defendant must establish the existence of five prerequisites. A defendant may qualify for a sentence below a statutorily required mandatory minimum if: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use

violence or possess a firearm in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) no later than the time of sentencing, the defendant truthfully provided the Government with all evidence the defendant had concerning the offense. 18 U.S.C. § 3553(f); USSG § 5C1.2. As counsel correctly concedes, here McCutcheon possessed a firearm in connection with the conspiracy offense, and therefore he did not qualify for the safety valve reduction.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform McCutcheon, in writing, of the right to petition the Supreme Court of the United States for further review. If McCutcheon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McCutcheon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3